# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JAYLON SMITH** <br> c/o his attorneys Tittle & Perlmuter <br> 4106 Bridge Avenue <br> Cleveland, OH  44113 <br><br> On behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> **SWEET HOME HEALTHCARE OF OHIO, LLC,** <br> c/o its Statutory Agent <br> Diana Compton <br> 150 East Mount Street <br> Suite 209 <br> Columbus, Ohio 43215 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> Magistrate Judge <br><br> **PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW WITH JURY DEMAND** |

Plaintiff Jaylon Smith, through counsel, for his Class and Collective Action Complaint against Defendant Sweet Home Healthcare of Ohio, LLC, states and alleges as follows:

## INTRODUCTION

1.  This case challenges Defendant's practice by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2.  Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and other members of a class of persons, defined herein (the "Ohio Class"), who assert factually-related claims under Ohio's overtime compensation statute and Prompt Pay Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant has conducted continuous business within the territorial jurisdiction of this Court. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. At all times relevant, Plaintiff Jaylon Smith was a citizen of the United States and an Ohio resident.

8. Defendant Sweet Home Healthcare of Ohio, LLC is a domestic limited liability company that provides live-in and live-out home healthcare, skilled healthcare, companion care, and pharmacy services at facilities located within this district and division, as well as other locations throughout Ohio. According to records maintained by the Ohio Secretary of State, Sweet

Home Healthcare of Ohio LLC's statutory agent for service of process is Diana Compton, 150 East Mound Street, Suite 209, Columbus, Ohio 43215.

## FACTUAL ALLEGATIONS

### Defendant's Business

9. According to its website, Defendant has, since 2012, served as a home healthcare agency for clients throughout Ohio. It provides "live-in and live-out services from as little as 4 hours a day up to 24 hours a day" for both "short-term and long-term assignments."

10. Defendant operates its live-in and live-out services in Ohio under its Sweet Home Healthcare of Ohio LLC entity. Sweet Home Healthcare, under its corporate umbrella, operates live-in and live-out services in Pennsylvania and New Jersey under other corporate entities, namely Sweet Home Healthcare LLC and Sweet Home Primary Care LLC, each of which are Pennsylvania limited liability companies with principal places of business in Pennsylvania.

11. Defendant employs "direct support professionals" that provide services to its clients. Those services include transportation and companion care. Companion care includes, among others, meal prep and cleanup, companionship during doctors visit, dementia and Alzheimer care, ambulation assistance, medication reminders, as well as transfers and bed positioning.

### Defendant's Employment of Plaintiff, the Opt-Ins, and Class Members

12. Plaintiff, the Potential Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class worked for Defendant as "direct support professionals."

13. Plaintiff was employed by Defendant as a direct support professional from late-October 2020 until December 4, 2020.

14. Defendant was an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Failure to Pay Employees for All Hours Worked**

16. The FLSA and Ohio law required Defendant to pay its employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

17. Defendant failed to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work.

18. Defendant knew that this work was being performed by Plaintiff, the Potential Opt-Ins, and the Ohio Class Members, but nevertheless failed to pay them for those hours in violation of the FLSA and Ohio law.

19. Defendant requires its direct care professionals to record their working hours on timesheets. Direct care professionals can download the timesheet forms on Defendant's website (https://www.sweethomehealthcare.com/timesheets/) or use an Android or Apple mobile app to complete their timesheets online.

20. Even though Plaintiff submitted his hours on his weekly timesheets, Defendant, in violation of the FLSA and Ohio law, failed to pay Plaintiff for all of the hours he recorded and worked.

21. For example, for the pay period of November 16, 2020 through November 22, 2020, Plaintiff submitted a timesheet indicating that he worked 64 hours. He also indicted that his previous paycheck was short by one shift of 14 hours:

4

> **SWEET HOME HEALTHCARE OF OHIO**
> 8061 EUCLID AVENUE CLEVELAND OHIO 44103
> OFFICE: 216-301-2999
> FAX: 216-301-2989
> TIMESHEETS@SWEETHOMEHEALTHCARE.COM
>
> **TIMESHEET SUBMISSION OPTIONS**
> Use the Sweet Home Healthcare App
> Complete your timesheet on sweethomehealthcare.com
> Download and submit your timesheet
>
> YOU MUST SUBMIT YOUR **COMPLETED** TIMESHEET BY MONDAY NOON TO BE PAID ON TIME
>
> YEAR: 2020
>
> | | SUN 11/22 | MON 11/16 | TUE 11/17 | WED 11/18 | THU 11/19 | FRI 11/20 | SAT 11/21 |
> |---|---|---|---|---|---|---|---|
> | SHIFT ONE TIME IN | | | | | 9:00 AM | 9:00 AM | |
> | SHIFT ONE TIME OUT | | | | | 5:00 PM | 5:00 PM | |
> | SHIFT TWO TIME IN | | | | | | | |
> | SHIFT TWO TIME OUT | | | | | | | |
> | SHIFT THREE TIME IN | 8:00 AM | 8:00 AM | | 8:00 PM | 8:00 PM | | 8:00 PM |
> | SHIFT THREE TIME OUT | 8:00 PM | 8:00 PM | | | | | 9:00 AM |
> | DAILY TOTAL HOURS | 12 hours | 12 hours | | 12 hours | 8 hours *Training (Compliance) | 8 hours *Training (med admin) | 12 hours |
>
> CONSUMER NAME: Jon. P & Donald P.
>
> Additional Notes: 64 total hours at 4250 Verona rd
> * Didn't recieve payment for shift on 11-15-2020 Put those hours on this check 8pm-10am (14 hours)
>
> "My signature certifies that I have provided services for the dates and consumer listed above. I understand that payment for these services will be from Federal and State funds and any false claims, statements, documents, or concealments, or concealment of material facts may be prosecuted under applicable Federal and State Laws. I also understand that these services cannot be provided when the Consumer is hospitalized."
>
> EMPLOYEE NAME: Jaylon Smith
> EMPLOYEE SIGNATURE: [signature]

22. Even though he submitted a timesheet reflecting 64 hours of work, Defendant paid him for only 51 of those hours:

> **Statement of Earnings For:** Jaylon Smith
>
> | Period Begin: | 11/16/2020 | Company Id: | 0200BFYF | Employee Nu |
> |---|---|---|---|---|
> | Period End: | 11/22/2020 | Division | | Pay Group: |
> | Check Date: | 11/27/2020 | Department | | SSN: |
>
> Federal Filing: Single or Married Filing Separately — Exemptions:
> State Filing: — Exemptions:
> Local Filing: — Exemptions:
>
> | Voucher Id | Check Amount | Gross Pay | Net Pay |
> |---|---|---|---|
> | V63160824 | $0.00 | $778.00 | $604.34 |
>
> **EARNINGS**
>
> | Description | Rate | Hours | Dollars | YTD Hours | YTD Dollars |
> |---|---|---|---|---|---|
> | Regular | 12.0000 | 40.00 | 480.00 | 100.50 | 1,206.00 |
> | Overtime | 18.0000 | 11.00 | 198.00 | 11.00 | 198.00 |
> | Other | 12.0000 | 0.00 | 100.00 | 0.00 | 200.00 |

5

23. Plaintiff, on numerous occasions, notified Defendant of the discrepancies and requested to be paid for all of the hours he worked. Defendant refused to correct the underpayments.

24. Defendant similarly fails to pay the Potential Opt-Ins and the Ohio Class Members for all of the hours they work each workweek.

25. As a result of practices such as those described in Paragraphs 20 through 24, Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were deprived of overtime pay.

26. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked forty or more hours per workweek, and thus, absent Defendant's failure to pay for all hours worked including by the practices described in Paragraphs 20 through 24, would have received overtime compensation, or additional overtime compensation.

### The Willfulness of Defendants' Violations

27. Defendant knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

28. Defendant intentionally and willfully circumvented the requirements of the FLSA and state law. Defendant designed its scheduling, timekeeping, and payroll policies and practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

29. As described above, Defendant, as part of its corporate enterprise, performs identical services for clients in Pennsylvania and New Jersey under a different corporate entities.

30. In 2016, one of those entities, Sweet Home Healthcare LLC, was sued in the United States District Court, Eastern District of Pennsylvania, in the case captioned *Jackson, et al. v. Sweet Home Healthcare LLC, et al.*, No. 2:16-cv-2353, for violations of the FLSA and state wage laws for failure to pay its direct care professionals overtime at a rate of one-and-one-half times their regular rates for all hours worked per workweek.

31. The Court conditionally certified an FLSA class and also certified a Pennsylvania state class consisting of approximately 2,000 class members. Sweet Home Healthcare ultimately agreed to pay those class members over $1.6 million to resolve the dispute.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of themselves and other employees similarly situated. "

34. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All direct support professionals who worked for Sweet Home Healthcare of Ohio, LLC during the period three years preceding the commencement of this action to the present.

35. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subject to and injured by Defendant's unlawful timekeeping and payroll practices, and all have the same claims against Defendant for overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

36. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) was proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

37. Upon information and belief, the number of similarly-situated persons exceeds 100 persons.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All direct support professionals who worked for Sweet Home Healthcare of Ohio, LLC during the period three years preceding the commencement of this action to the present.

40. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that the Ohio Class totals more than 100 employees of Defendant. The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

41. Questions of law or fact common to the Ohio Class predominate, including but not limited to:

   a) Whether Plaintiff and other Class Members performed unpaid, compensable work for Defendant.

   b) Whether Defendant knew or should have known that Class Members were working more hours than they were actually paid for, but still failed to pay them for those hours.

      c) Whether Defendant violated Ohio law by failing to timely pay Class Members for all hours worked on a semi-monthly basis, and never rectifying that failure to pay in a timely manner.

      d) Whether Defendant deprived Plaintiff and other Class Members of payment of the requisite minimum wage.

      e) Whether Defendant deprived Plaintiff and other Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

42. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

43. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff bring this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

48. The FLSA required Defendant to pay their non-exempt employees at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

49. Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek.

50. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

51. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins, and the Ohio Class Members.

54. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

55. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its employees.

56. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

57. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Minimum Wage Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this claim for violation of the Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, on behalf of himself, the Potential Opt-Ins, and the Ohio Class Members.

60. The OMFWA, Ohio Constitution art. II, § 34a, required Defendant to pay its employees at least the minimum wage for all hours worked.

61. Defendant failed to pay minimum wages to Plaintiff, the Potential Opt-Ins, and the Ohio Class Members, in violation of the OMFWA. The OMFWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

## COUNT FOUR
### (Ohio Prompt Pay Act Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

60. Defendant failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FIVE
### (Ohio Record-Keeping Violations)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. The OFMWA required Defendant to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

63. Defendant violated the OFMWA record-keeping requirement by failing to maintain accurate and complete records of its employees' working time.

64. As a result of Defendant's record-keeping violations, Plaintiff and the Ohio Class Members were injured in that Defendant does not have accurate and complete records of their working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff, the Opt-ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class pre- and post-judgment interest; and

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting

this action and such further relief as the Court deems equitable and just.

>Respectfully submitted,
>
>s/ Scott D. Perlmuter
>Scott D. Perlmuter (0082856)
>4106 Bridge Avenue
>Cleveland, OH  44113
>216-308-1522
>Fax: 888-604-9299
>scott@tittlelawfirm.com
>
>/s/ Joshua B. Fuchs
>Joshua B. Fuchs (0087066)
>**THE FUCHS FIRM**
>14717 South Woodland Road
>Shaker Heights, Ohio 44120
>216-505-7500 [phone and fax]
>josh@fuchsfirm.com
>
>
>Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

>/s/ Scott D. Perlmuter
>Scott D. Perlmuter (0082856)

14